(No. 4769— ▮▮▮▮▮▮▮)

Standard Concessions, Inc., An Illinois Corporation, Claimant, vs. State of Illinois, Respondent.

*Opinion filed May 14, 1957.*

Herbert M. Spector, Attorney for Claimant.

Latham Castle, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

TOLSON, C. J.

Standard Concessions, Inc., A Corporation, filed its complaint on March 25, 1957 seeking reimbursement from respondent for overpayment of utility services.

The record consists of the complaint, Departmental Report, and stipulations entered into between the parties.

The facts of the case are as follows:

Claimant, Standard Concessions, Inc., operated a concession at Blackhawk State Park in the County of Rock Island under lease, dated May 22, 1955, marked exhibit A, and lease, dated May 22, 1950, marked exhibit B. Among other things, the lease provided that the charges for utilities should be divided between claimant and the State of Ilinois on the basis of separate meters. On May 10, 1956, it was discovered that claimant and the state were using the same meter, and the entire bill had been charged to claimant.

The Departmental Report acknowledges the error. Paragraph No. 16 thereof states that 65% of the bill should have been charged to the State of Illinois, and 35% to claimant.

Claimant has set out the monthly bills from May, 1950 to May, 1956, and in its claim for reimbursement asked the sum of $1,827.39. This amount would properly represent the 65% used by the State of Illinois after deducting a credit of $63.83, representing claimant's share of the utility bills for the months of June, July and August of 1956, which the State of Illinois paid in full. There being no dispute to the facts, it would appear that the State of Illinois has been unjustly enriched in the amount asked in this claim.

However, attention is directed to Section 22 of the Court of Claims Act.

"Every claim cognizable by the Court, arising out of a contract and not otherwise sooner barred by law, shall be forever barred from prosecution therein unless it is filed with the clerk of the Court within five years after it first accrues, saving to infants, idiots, lunatics, insane persons and persons under other disability at the time the claim accrues five years from the time the disability ceases." (As amended by Act approved July 14, 1955.)

The detailed break-down of the bills discloses the amount of $370.44 paid in 1950; $449.43 for the year of 1951; and, $8.47 for January and February of 1952, making a total of $828.34. Since this Court is without authority to allow a claim barred by the statute of limitations, the sum of $828.34 must be eliminated from the computation of an award in this case.

As previously stated, the total of the utility bills from May, 1950 to May, 1956 amounted to $2,909.57, from which must be deducted the sum of $828.34, the amount of the claim barred by the statute of limitations. The portion of the utilities bill, which should have been assumed by the State of Illinois, is, therefore, 65% of the balance of $2,081.23, or $1,352.79. From this sum must be further deducted the credit of $63.83, leaving a final balance due claimant of $1,288.96.

An award is, therefore, made to claimant in the amount of $1,288.96.